COBB, Judge.
The issues raised on this appeal by the former wife relate to the marital residence, former husband’s military pension, and the amount of permanent periodic alimony awarded. We agree with the former husband that there was competent evidence to support the trial court’s decisions, save one.
In the instant case, the trial court found that each party owned a one-half interest in the marital residence with no special equity being present. Additionally, the trial court awarded the former wife $1,000.00 per month in permanent periodic alimony with the former husband continuing to designate the former wife as the irrevocable beneficiary under a survivor’s benefit plan. The former wife, however, was to pay for this protection in the amount of $288.15 per month. Finally, the former husband was to provide $200.00 per month to the former wife for medical insurance until she reached age 65.
As the former wife correctly argues, the use of survivor benefits here is analogous to the use of life insurance as security for the payment of alimony. See Sobelman v. Sobelman, 541 So.2d 1158 (Fla.1989). In Sobelman, the court noted that the trial court would have to consider the financial impact of such an order upon the obligated spouse, so that a requirement to pay premiums should be taken into account in the determination of the amount of alimony awarded. See also Edwards v. Edwards, 559 So.2d 281 (Fla. 4th DCA 1990). The point is that alimony and an order requiring security for the alimony should be considered by the trial court together. If the trial court intended for the former wife to receive a full $1,000.00 in alimony, then having the former wife pay for the protection afforded by the survivor’s benefit is inconsistent and detracts from the alimony award. We reverse on this point and remand to the trial court for a redetermination.
Accordingly, the trial court’s final judgment is reversed to the extent that the former wife is required to pay for protection of the alimony award. In all other respects, the final judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
GRIFFIN and DIAMANTIS, JJ., concur.