PER CURIAM.
Appellant, Kim Martin Reed (“Former Husband”), appeals an order taxing his ex-wife’s attorney’s fees against him. We reverse.
Appellee, Luz Ehiby Reed (“Former Wife”), filed for divorce after five years of marriage to Former Husband. The parties had one child during the marriage, and Former Husband adopted Former Wife’s child from a prior relationship. Following a final hearing, the trial court entered a final judgment of divorce.
In the final judgment, the trial court found that Former Husband’s monthly gross income was approximately $3147.50, while Former Wife’s monthly gross income was approximately $3666.00. The parties had no major marital assets, as the marital house went into foreclosure, but their marital liabilities were quite substantial. By agreement, the parties split between themselves what minor marital assets they had, while the trial court split their liabilities equally between them. The parties also agreed that Former Wife would become primary custodial parent of the parties’ two children, and Former Husband agreed to pay $774 each month in child support. The trial court reserved ruling on each party’s request for attorney’s fees and costs, providing that they could each submit affidavits on the issue.
Each party moved for attorney’s fees. Without holding a separate hearing, the trial court entered orders granting Former Wife’s motion for attorney’s fees and assessing against Former Husband a portion of the amount of fees and costs she requested. Former Husband now contends that the award of attorney’s fees against him was erroneous. We agree.
Where the equitable distribution of the parties’ marital assets leave the parties in substantial financial parity, an award assessing attorney’s fees is an abuse of discretion. See Albert v. Albert, 690 So.2d 734 (Fla. 4th DCA 1997); Kovar v. Kovar, 648 So.2d 177 (Fla. 4th DCA 1994). Here, the trial court specifically found that Former Wife’s monthly income was actually $500 more than Former Husband’s monthly income. While the parties’ had marginal assets and substantial liabilities, the trial court apportioned everything equally between the parties. Thus, if anything, Former Wife was wealthier than Former Husband both before and after equitable distribution. Accordingly, the trial court abused its discretion in requiring Former Husband to pay Former Wife’s attorney’s fees. See Albert, 690 So.2d at 734; Keaton v. Keaton, 634 So.2d 798 (Fla. 4th DCA 1994); Ball v. Ball, 554 So.2d 629 (Fla. 4th DCA 1989). This conclusion renders Former Husband’s other arguments on appeal moot.
REVERSED.
STONE, C.J., and DELL and GUNTHER, JJ., concur.