PER CURIAM.
 

 In this appeal of an amended final judgment of dissolution of marriage, the for
 
 *992
 
 mer husband challenges the trial court’s equitable distribution of the parties’ assets and liabilities and the amount of alimony and child support awarded.
 
 [1]
 
 On cross-appeal, the former wife also challenges the amount of the alimony award and she raises two issues relating to the equitable distribution.
 
 [2]
 
 For the reasons that follow, we reverse the equitable distribution and the alimony and child support awards and remand for further proceedings.
 

 A review of the amended final judgment shows that the trial court abused its discretion in the equitable distribution of the parties’ assets and liabilities. The distribution ordered by the trial court resulted in the former wife getting substantially more of the parties’ net assets, as reflected in this table:
 
 [3]
 

 Former Husband Former Wife
 

 Real property $ 340,000 $ 248,000
 

 Mortgage ($ 157,409) $ 0
 

 Former wife’s 401(k) $ 0 $ 2,000
 

 Former husband’s $ 23,703 $ 34,998 401(k)
 

 TOTAL $ 206,294 $ 284,998
 

 The amended final judgment does not include any findings to justify this unequal distribution, and it appears from the judgment that the trial court was attempting to divide the parties’ assets and liabilities equally but that it made an error in calculating an “offset” based on the mortgage debt distributed to the former husband. Accordingly, the equitable distribution must be reversed and remanded to the trial court either to make an equal distribution of the parties’ assets and liabilities or to make specific findings justifying the unequal distribution.
 
 See
 
 § 61.075(1), Fla. Stat.;
 
 see also Collinsworth v. Collinsworth,
 
 624 So.2d 287, 288-89 (Fla. 1st DCA 1993).
 

 The trial court also abused its discretion in valuing the liquor store business at $425,000.
 
 [4]
 
 In the amended final judgment, the trial court does not explain how it arrived at the $425,000 valuation, and no evidence was presented to support this valuation. It appears that the trial court simply “split the difference” between the values presented by the parties.
 
 [5]
 
 This was error.
 
 See Augoshe v. Lehman,
 
 962
 
 *993
 
 So.2d 398, 403 (Fla. 2d DCA 2007) (“The trial court’s valuation must be based on competent evidence and cannot be determined by ‘split[ting] the difference.’ ”) (quoting
 
 Solomon v. Solomon,
 
 861 So.2d 1218, 1221 (Fla. 2d DCA 2003));
 
 Spillert v. Spillert,
 
 564 So.2d 1146 (Fla. 1st DCA 1990).
 

 Accordingly, we reverse the trial court’s valuation of the liquor store business and the equitable distribution in the amended final judgment and remand for reconsideration. Because we are reversing the valuation of the business and the entire equitable distribution, we need not reach the two issues raised by the former wife on cross-appeal related to the equitable distribution. The trial court is free to consider those issues on remand.
 

 Lastly, we reverse the alimony and child support awards because the awards appear to have been based on the trial court’s finding that the former husband’s net income was “between $4,879.76 and $4,754.76.” This finding is not supported by the record because these figures reflect the
 
 gross
 
 income shown on the former husband’s amended financial affidavit, not his
 
 net
 
 income. Because the record does not contain any competent substantial evidence to support the trial court’s finding concerning the former husband’s net income, and because the awards of alimony and child support depend in large part on the former husband’s net income, the awards must be reversed and remanded for reconsideration.
 
 [6]
 

 See Canakaris v. Canakaris,
 
 382 So.2d 1197, 1202 (Fla.1980) (awarding alimony is discretionary but court must determine a spouse’s ability to pay based on his net income);
 
 Chaney v. Fife,
 
 18 So.3d 44, 45 (Fla. 1st DCA 2009) (“A trial court’s determination of a party’s net income must be supported by competent, substantial evidence.”); § 61.30(3)(a), Fla. Stat. (requiring child support to be calculated based on the parents’ net income). In determining the amount of alimony on remand, the trial court shall make specific findings as to the former wife’s need for alimony and the former husband’s ability to pay.
 
 See
 
 § 61.08(2), Fla. Stat. In determining the amount of child support on remand, the trial court shall make specific findings explaining how the award was calculated and justifying any material deviation from the guideline support amount.
 
 See
 
 § 61.30(1)(a), Fla. Stat.
 

 AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings consistent with this opinion.
 

 THOMAS, WETHERELL, and SWANSON, JJ, concur.
 

 [1]
 

 . The former husband also contends that trial court abused its discretion in requiring him to pay the property appraisal fees incurred by the former wife and in requiring him to maintain life insurance to secure the alimony award. We affirm these aspects of the amended final judgment without discussion.
 

 [2]
 

 . First, the former wife contends that the trial court erred in not requiring the former husband to pay statutory interest on the payments to the former wife for her share of the parties’ liquor store business, which resulted in her receiving less than half of the present value of the business. Second, the former wife contends that the trial court erred in failing to consider her tax consequences in its allocation of a portion of the husband’s 401(k) account to her as part of the equitable distribution.
 

 [3]
 

 . The table does not include the liquor store business, which was distributed separately in the amended final judgment.
 

 [4]
 

 . We find no error in the trial court's decision to award the former wife an ownership interest in the business even though 100% of the stock in the business was in the former husband's name.
 
 See Hamm v. Hamm,
 
 492 So.2d 467 (Fla. 1st DCA 1986) (stating that the fact that shares of stock were titled in husband’s name only was not determinative of whether shares were subject to distribution as marital asset). It was undisputed that the business was a marital asset; the business was purchased from the former husband’s mother during the marriage and the mother testified that she sold the business to both parties.
 

 [5]
 

 . The former husband’s expert valued the business at $256,500; the former wife and
 
 *993
 
 her mother testified that they overheard the former husband state that the business was worth $600,000 and that he had received a purchase offer in that amount. The midpoint between these figures is $428,250, which is close to the value assigned by the trial court.
 

 [6]
 

 . Because we are remanding for reconsideration of the alimony award, we need not reach the former wife's argument on cross-appeal that the alimony amount awarded in the amended final judgment was inadequate. The trial court is free to consider this issue on remand.