PER CURIAM.
Appellant Kevin John Kingsbury (Mr. Kingsbury) appeals a final judgment of dissolution of marriage to Diana Shance Kingsbury (Ms. Kingsbury). Mr. Kings-bury raises numerous issues on appeal related to the trial court’s award of periodic permanent alimony and equitable distribution of marital assets. Because the trial court failed to make a finding of Mr. Kingsbury’s net income, we reverse the award of alimony and remand for further findings.[1] The final order is affirmed in all other respects.
The parties were married in 1989 and Ms. Kingsbury filed a petition for dissolution of marriage in May 2011. The parties were self-employed by Kevin Roberts Entertainment Agency, Inc. (KREA), a booking agency that represented artists and provided entertainment to nightclubs, casinos, festivals, and bars. Ms. Kingsbury was the majority shareholder (51%) and Mr. Kingsbury was the minority shareholder (49%). Ms. Kingsbury maintained the books and Mr. Kingsbury was responsible for booking the acts. KREA was the sole source of income for both parties. After Ms. Kingsbury filed the petition for dissolution, Mr. Kingsbury assumed control of the bookkeeping and continued to operate KREA. Ms. Kingsbury, however, was only able to secure a job making minimum wage.
The trial court granted Ms. Kingsbury’s petition for dissolution of marriage in March 2012. In its final order, the trial court awarded, among other things, permanent periodic alimony to Ms. Kings-bury. The trial court found that Mr. Kingsbury’s “annual gross income [was] approximately $140,000” and that he “ha[d] the capacity of earn [sic] at least $150,000 per year.” The trial court also found that Ms. Kingsbury “ha[d] the ability to earn just a little more than minimum wage.” As such, Ms. Kingsbury was awarded $4,000 per month in alimony. Mr. Kingsbury argues on appeal that the trial court erred by failing to base the award of alimony on his net income. We agree.
The ability to pay alimony should be based on the party’s net income. See Vanzant v. Vanzant, 82 So.3d 991, 993 (Fla. 1st DCA 2011) (holding that trial court erred by using figures that represented gross income rather than net income); Vega v. Vega, 877 So.2d 882, 883 (Fla. 3d DCA 2004) (noting that former spouse’s argument that alimony award should be based on gross income rather than net income was incorrect because “[i]n reality, the case law states that net income is the relevant benchmark”) (citing Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980); Lambertini v. Lambertini, 817 So.2d 942, 943 (Fla. 3d DCA 2002); Gandul v. Gandul, 696 So.2d 466, 468 (Fla. 3d DCA 1997); de Armas v. de Armas, 471 So.2d 185, 185 (Fla. 3d DCA 1985); Parham v. Parham, 385 So.2d 107, 108 (Fla. 3d DCA 1980); Blum v. Blum, 382 So.2d 52, 54 (Fla. 3d DCA 1980)).
Here, the only mention in the final judgment of Mr. Kingsbury’s income, and *475 thus his ability to pay alimony, was his gross income. This is error. In Vanzant, this court recently reversed and remanded an award of alimony, explaining that the figures used “reflect[ed] the gross income shown on the former husband’s amended financial affidavit, not his net income.” 82 So.3d at 993 (emphasis in original). Although it appears that Mr. Kingsbury may have had the ability to pay $4,000 per month in alimony, it is impossible to know for certain without some indication of his net income. See McCants v. McCants, 984 So.2d 678, 682 (Fla. 2d DCA 2008) (“The trial court did not explain how it arrived at a net income amount of $4500 per month, and based on the record before us, we are compelled to reverse and remand for the trial court to reconsider this issue.”).
In arriving at Mr. Kingsbury’s net income, the trial court must “make specific findings as to the former wife’s need for alimony and the former husband’s ability to pay. See § 61.08(2), Fla. Stat.” Vanzant, 82 So.3d at 993. On remand, because the record includes conflicting testimony as to what expenses are attributable to KREA and what expenses are attributable to Mr. Kingsbury’s personal responsibilities, the trial court must make specific findings as to how it arrives at Mr. Kingsbury’s net income.[2] See Winney v. Winney, 979 So.2d 396, 400 (Fla. 1st DCA 2008) (explaining that statutory mandates as well as possibility of appellate review requires specific findings, and, “[w]hen awarding alimony, a trial court must make findings as to the recipient’s need and the obligor’s ability to pay, and these findings must reflect a consideration of all relevant economic factors as provided in section 61.08(2), Florida Statutes.”) (citation omitted).
Accordingly, the trial court’s award of alimony is reversed. On remand, the trial court is instructed to make specific findings as to Mr. Kingsbury’s ability to pay alimony based on his net income. If the trial court determines that, based on Mr. Kingsbury’s net income, he is unable to pay $4,000 per month in alimony, the trial court must also recalculate child support consistent with section 61.30(l)(a).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
LEWIS, CLARK, and RAY, JJ„ concur.

. On remand, if the trial court amends the award of alimony, it must also recalculate child support consistent with section 61.30(1)(a), Florida Statutes. See Storey v. Storey, 979 So.2d 1057, 1058 (Fla. 2d DCA 2008) (instructing trial court to recalculate child support in light of amended alimony award) (citing Cornett v. Cornett, 713 So.2d 1083, 1085 (Fla. 2d DCA 1998)).

. For example, Mr. Kingsbury listed his income in 2011 as $130,249.56, but Ms. Kings-bury testified that his income was at least $140,000 per year. In Ms. Kingsbury's financial affidavit she listed Mr. Kingsbury's 2010 income as $86,790 and her income as $67,710, but the parties’ 2010 joint income tax return listed a total income of $112,580 and adjusted gross income of $95,897. Ms. Kingsbury testified, without any supporting documentation, that KREA's gross profit from 2006 to 2010 was incorrectly calculated because half of the expenses that were written off as business expenses were actually personal expenses, and thus should be credited for purposes of calculating Mr. Kingsbury’s annual income.