NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


RONALD W. MOORE,                    )
                                   )
          Appellant/Cross-Appellee, )
                                   )
v.                                 )          Case No. 2D13-3204
                                   )
ROBERTA D. MOORE,                  )
                                   )
          Appellee/Cross-Appellant. )
                                   )
_____)

Opinion filed February 6, 2015.

Appeal from the Circuit Court for
Hillsborough County; Paul L. Huey, Judge.

Virginia R. Vetter, Tampa, for Appellant/
Cross-Appellee.

Lorena L. Kiely, Tampa, for Appellee/Cross-
Appellant.


CASANUEVA, Judge.

          Ronald W. Moore appeals a final judgment dissolving his marriage to

Roberta D. Moore.  He argues on appeal that the trial court erred in determining his

monthly income and, consequently, the amount of permanent alimony he must pay to

his Former Wife.  Roberta Moore filed a cross-appeal, arguing that the trial court erred

in failing to order her Former Husband to maintain his life insurance policy and in

determining the amount of child support.  We conclude that the trial court abused its

discretion in determining the Former Husband's monthly income because it failed to consider his business expenses, and we reverse the financial aspects of the final judgment involving alimony and child support.

A trial court's determination of a party's income has to be supported by substantial, competent evidence. McCants v. McCants, 984 So. 2d 678, 682 (Fla. 2d DCA 2008). For the purpose of determining the amount of income that is attributable to a spouse in computing alimony, section 61.046(8), Florida Statutes (2010), defines "income" as

> any form of payment to an individual, regardless of source, including, but not limited to: wages, salary, commissions and bonuses, compensation as an independent contractor, worker's compensation, disability benefits, annuity and retirement benefits, pensions, dividends, interest, royalties, trusts, and any other payments, made by any person, private entity, federal or state government, or any unit of local government.

In determining the amount of income that is attributable to a parent in computing child support, section 61.30(2)(a), defines "gross income" to include "[b]usiness income from sources such as self-employment, partnership, close corporations, and independent contracts. 'Business income' means gross receipts minus ordinary and necessary expenses required to produce income."

In Zold v. Zold, 911 So. 2d 1222, 1230 (Fla. 2005), the Florida Supreme Court stated, "We conclude that construed together, sections 61.046(7), 61.30(2)(a)(3), 61.08(2)(g), 61.30(6), and 61.16(1), reflect legislative intent that trial courts consider only that portion of a spouse's income that is available to the spouse." An award of alimony must be based on the income that is available to the party, i.e., the party's net monthly income. See Cissel v. Cissel, 82 So. 3d 891, 892 (Fla. 4th DCA 2011). In

calculating a party's monthly income, business expenses must be deducted from the party's gross income.  Id.; see also Coppola v. Coppola, 630 So. 2d 673, 674 (Fla. 4th DCA 1994) ("In calculating expenses, the court apparently failed to consider the husband's undisputed expenses for union dues, uniforms, and unreimbursed travel expenses, totaling over $500 per month.").

We recognize the difficult task the trial court faced in determining the Former Husband's monthly income.  He filed six financial affidavits within a two-and-a-half-year-period which showed a monthly income after the allowable deductions in section 61.30 varying from $4055 to $20,362.  As this court stated in Trespalacios v. Trespalacios, 978 So. 2d 858, 860 (Fla. 2d DCA 2008), "We share the trial court's frustration in attempting to arrive at equitable numbers when a party is not candid about his or her actual income and/or expenses."  We also note that the trial court found the Former Husband's testimony regarding his business expenses lacked credibility.

However, as this court noted in McCants, 984 So. 2d at 682, where a case involves "a significant dispute in a party's income, meaningful appellate review is hampered by the absence of findings as to how the trial court determined the income amount."  In the final judgment, the trial court found that the Former Husband's "statutory net monthly income or earnings" was $23,295.  The Former Husband's 2012 tax return attached a Schedule C, which indicated that his combined gross income from two companies was $279,534.  This would equate to a gross, not net, monthly income of $23,295 per month.

Although the trial court found that the Former Husband's testimony lacked credibility and that his business expenses were "grossly inflated," the trial court failed to

give the Former Husband credit for any of his business expenses. The Former Wife agreed in her brief that her Former Husband does have some nonreimbursed actual business expenses. Some of these expenses appear to include automobile expenses, a form of "malpractice" insurance, fees for a state license, and telephone expenses. The trial court's failure to consider any business expenses when calculating the Former Husband's net income was an abuse of discretion.

Accordingly, we reverse the financial aspects of the final judgment and remand the case for the trial court to determine the Former Husband's net monthly income and the amount of permanent alimony and child support to be awarded.[1] That portion of the final judgment dissolving the parties' marriage and ratifying the parties' stipulations is affirmed.

Affirmed in part, reversed in part, and remanded.

KHOUZAM and BLACK, JJ., Concur.

---

[1]The trial court may also reconsider its determination that alimony would be nondeductible to the Former Husband and nontaxable to the Former Wife for federal income tax purposes and its determination that the Former Husband would not be required to maintain life insurance to secure the award of alimony and child support. Further, the court should also consider evidence concerning the current needs of the child.