NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FLOYD CONLIN,                              )
                                           )
      Appellant,                      )
                                           )
v.                                         )    Case No. 2D16-1442
                                           )
STEPHANIE CONLIN,                          )
                                           )
      Appellee.                       )
                                           )
_____)

Opinion filed March 1, 2017.

Appeal from the Circuit Court for
Hillsborough County; Richard A. Nielsen,
Judge.

George E. Gelb of Jupiter Legal Advocates,
Jupiter, for Appellant.

Michael S. Dyer of The Law Offices of
Michael Samuel Dyer, West Palm Beach,
for Appellee.


BLACK, Judge.

        Floyd Conlin (former husband) challenges the final judgment of dissolution

of marriage, asserting that the trial court erred in awarding Stephanie Conlin (former

wife) permanent periodic alimony based upon his gross income rather than his net

income.  He also argues that the trial court erred in failing to identify and distribute a Parent PLUS loan he incurred on behalf of the parties' daughter.  We reverse.

The trial court determined that the former wife had a need for permanent periodic alimony and that the former husband had the ability to pay alimony.  See § 61.08(2), Fla. Stat. (2013); Cleary v. Cleary, 872 So. 2d 299, 304 (Fla. 2d DCA 2004) ("The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds." (quoting Canakaris v. Canakaris, 382 So. 2d 1197, 1201 (Fla. 1980))).  The trial court awarded the former wife $4750 per month in permanent periodic alimony.  The former husband does not dispute the former wife's need for alimony but argues that the award was erroneously based upon his gross income and that he lacks the ability to pay the amount of alimony awarded.

The ability to pay alimony must be based on the party's net income.  See Moore v. Moore, 157 So. 3d 435, 436 (Fla. 2d DCA 2015) ("An award of alimony must be based on the income that is available to the party, i.e., the party's net monthly income."); Vanzant v. Vanzant, 82 So. 3d 991, 993 (Fla. 1st DCA 2011) (citing Canakaris for the proposition that a court must determine ability to pay based on net income).  The final judgment provides, in pertinent part:

> The [former husband] earns approximately $150,000 per year and his income has increased annually.
> . . . .
>
> The [former husband's] Financial Affidavit dated March 5, 2014, states the [former husband] has a monthly income of $10,385 or $124,620.00 annually. . . .  [H]e has earned an incentive/bonus pay for the past 12 years in a row of approximately $30,000.00.  The bonus was not included on

the [former husband's] Financial Affidavit. The [former husband's] true income is approximately $150,000 per year.

It is apparent from the former husband's financial affidavit that the stated monthly income of $10,385, or $124,620 annually, reflects his gross income. The final judgment makes no other mention of the former husband's income. See Kingsbury v. Kingsbury, 116 So. 3d 473, 474-75 (Fla. 1st DCA 2013) ("Here, the only mention in the final judgment of Mr. Kingsbury's income, and thus his ability to pay alimony, was his gross income. This is error."); Vanzant, 82 So. 3d at 993 ("[W]e reverse the alimony and child support awards because the awards appear to have been based on the trial court's finding that the former husband's net income was 'between $4,879.76 and $4,754.76.' This finding is not supported by the record because these figures reflect the *gross* income shown on the former husband's amended financial affidavit, not his *net* income."). Furthermore, it is not clear how the trial court arrived at a "true income" figure of $150,000 since adding the former husband's gross annual bonus of $30,000 to his gross annual salary of $124,620 equates to $154,620. Even if the trial court intended for this figure to account for the former husband's net income, or at least his net annual bonus, the record before us simply does not clearly demonstrate that the alimony award was based on the former husband's net income as required. See Rentel v. Rentel, 124 So. 3d 993, 994 (Fla. 4th DCA 2013) ("Because it is not apparent that the trial court based its alimony calculations on net income, we reverse and remand to make the required findings and to modify the award if necessary."); see also McCants v. McCants, 984 So. 2d 678, 682 (Fla. 2d DCA 2008) ("[M]eaningful appellate review is hampered by the absence of findings as to how the trial court determined the income amount.").

Regarding the equitable distribution, the former husband testified that he incurred a Parent PLUS loan in the amount of $12,900 on behalf of the parties' daughter for her education. The parties disputed whether the loan was marital or nonmarital, and the trial court failed to characterize it and distribute it accordingly. The trial court erred in this regard.[1] Section 61.075(1) provides that "the court shall set apart to each spouse that spouse's nonmarital assets and liabilities." Section 61.075(3) further provides that "[t]he distribution of all marital assets and marital liabilities . . . shall include specific written findings of fact" including the "[c]lear identification of nonmarital assets and ownership interests" and the "[i]dentification of the marital liabilities and designation of which spouse shall be responsible for each liability." § 61.075(3)(a), (c). The trial court is thus required to identify all marital and nonmarital assets and liabilities before it equitably distributes those that are marital. See Wolf v. Wolf, 979 So. 2d 1123, 1125 (Fla. 2d DCA 2008) ("Section 61.075(3) . . . requires the trial court to clearly identify and value all of the marital and nonmarital assets and liabilities and to determine entitlement to each marital asset and responsibility for each marital debt."); Embry v. Embry, 650 So. 2d 190, 191 (Fla. 2d DCA 1995) ("Section 61.075 . . . requires the trial court to set

---

[1]We recognize that the entirety of the blame for this error should not fall on the trial court. At the close of the hearing, the court instructed both parties to submit a proposed final judgment with an equitable distribution chart attached, and the former husband apparently failed to do so. Cf. McCants, 984 So. 2d at 683 (stating that the wife arguably waived her claim that the trial court erred in failing to distribute all marital assets and liabilities because despite the court sending the wife a memo of its findings to aid her in drafting the final judgment and instructing her to notify the court in the event it neglected to address anything in its memo, the wife failed to so notify the court and instead prepared a final judgment absent the required findings and distribution of assets and liabilities). Additionally, though the former husband referenced his equitable distribution chart in testifying about the loan, our record does not reflect that it was marked as an exhibit and admitted. Further, the former husband did not raise this issue in a timely motion for rehearing.

apart to each spouse his/her nonmarital assets and liabilities before making an equitable distribution of the marital assets.  This involves an identification of what items are marital and nonmarital assets and liabilities.").

Accordingly, we affirm the dissolution of marriage but reverse the alimony award and equitable distribution.  In determining the amount of alimony on remand, the trial court is instructed to make specific findings as to the former husband's ability to pay alimony based on his net income.  The trial court is also instructed to value the contested Parent PLUS loan, identify it as marital or nonmarital, and distribute it accordingly.

Affirmed in part, reversed in part, and remanded.


CRENSHAW and MORRIS, JJ., Concur.