NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RODNEY LANE COOPER,                  )
                                     )
      Appellant,               )
                                     )
v.                                   )     Case No. 2D18-3616
                                     )
CHRISTINE QUITCO COOPER,             )
                                     )
      Appellee.                )
_____)

Opinion filed August 2, 2019.

Appeal from the Circuit Court for Polk
County; John Radabaugh, Judge.

Susan J. Silverman, Sarasota, for
Appellant.

David R. Carmichael of Boswell &
Dunlap, LLP, Bartow, for Appellee.


KELLY, Judge.

      Rodney Lane Cooper appeals from the final judgment dissolving his

marriage to Christine Quitco Cooper.  We affirm the trial court's determination of the

former wife's need for permanent alimony but reverse the amount of the award because

the judgment fails to include the necessary findings of fact to support it.  We also

reverse the portion of the judgment ordering the former husband to maintain a life

insurance policy to secure the alimony award due to the lack of findings to support that requirement. We affirm all other aspects of the judgment without discussion.

In the judgment, the trial court states that the former husband's income is "in excess of $160,000 per year." It orders him to pay his former wife $6000 per month in permanent periodic alimony, as well as $900 per month in retroactive alimony. The former husband contends that the amount is excessive and that the judgment lacks the necessary findings to support the award. We agree.

"The ability to pay alimony must be based on the party's net income." Conlin v. Conlin, 212 So. 3d 487, 488 (Fla. 2d DCA 2017); see also Badgley v. Sanchez, 165 So. 3d 742, 744 (Fla. 4th DCA 2015) ("The judgment is also deficient for failing to look to the parties' *net* incomes in assessing need and ability to pay."); Kingsbury v. Kingsbury, 116 So. 3d 473, 474 (Fla. 1st DCA 2013) ("Because the trial court failed to make a finding of Mr. Kingsbury's net income, we reverse the award of alimony and remand for further findings."). Here, the judgment states the "parties' annual salary and bonuses averaged nearly one hundred sixty thousand dollars" and that the former husband "has the ability to immediately continue to earn an income in excess of $160,000.00 per year." The judgment makes no finding regarding the former husband's net income, and this court cannot ascertain whether the trial court determined the former husband's net income in fashioning the appropriate award. Therefore, we reverse the alimony award and remand with directions to the trial court to make specific findings as to the former husband's ability to pay alimony based on his net income and to modify the award if necessary. See Conlin, 212 So. 3d at 490; Badgley, 165 So. 3d at 745; Kingsbury, 116 So. 3d at 475. The trial court also failed to address the tax consequences of the alimony award on the former

husband's net income.  See § 61.08(2)(h), Fla. Stat. (2012) ("In determining whether to award alimony . . . the court shall consider . . . [t]he tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment.").  On remand, the trial court shall consider these consequences and adjust the award accordingly.  See Librizzi v. Librizzi, 228 So. 3d 593, 595 (Fla. 2d DCA 2017).

We also reverse the portion of the judgment that requires the former husband to secure his alimony obligation with a $300,000 life insurance policy.  "[I]n determining whether to secure support awards, the trial court should consider the need for such insurance, the cost and availability of such insurance, and the financial impact upon the obligor."  Plichta v. Plichta, 899 So. 2d 1283, 1287 (Fla. 2d DCA 2005).  "In the absence of special circumstances, a spouse cannot be required to maintain life insurance for the purpose of securing an alimony obligation."  Solomon v. Solomon, 861 So. 2d 1218, 1221 (Fla. 2d DCA 2003).  The former wife acknowledges that the judgment contains no findings related to the life insurance requirement.  Therefore, we reverse as to this issue and remand for the trial court to make specific findings to justify the imposition of this obligation.  See Massam v. Massam, 993 So. 2d 1022, 1025 (Fla. 2d DCA 2008).

Affirmed in part, reversed in part, and remanded for further consideration consistent with this opinion.

SLEET and LUCAS, JJ., Concur.