DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JONATHAN F. GOLDBERG,**
Appellant,

v.

**JACQUELINE BETH GOLDBERG,**
Appellee.

No. 4D21-3459

[February 15, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James L. Martz, Judge; L.T. Case No. 502018DR009276.

Richard J. Boyle of Yaffa Family Law Group, Boca Raton, for appellant.

Michael D. Cirullo, Jr., of Goren, Cherof, Doody & Ezrol, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

We find no abuse of discretion in the trial court's imputation of income to the Husband at $200,000 a year. However, it appears that the trial court erred in using a gross income figure for determining alimony. Ability to pay alimony must be based on a party's net income, rather than gross income, as net income is the measure of funds available to the party. *See Whittaker v. Whittaker*, 331 So. 3d 719, 721 (Fla. 4th DCA 2021); *Conlin v. Conlin*, 212 So. 3d 487, 488 (Fla. 2d DCA 2017). Where "it is not apparent that the trial court based its alimony calculations on net income," an appellate court will reverse and remand for the trial court to make the required findings and to modify the award if necessary. *Rentel v. Rentel*, 124 So. 3d 993, 994 (Fla. 4th DCA 2013).

We affirm all other issues on appeal and reverse and remand for the trial court to reconsider the alimony award based on the Husband's net income and to take additional evidence, if necessary, on the parties' current incomes.

*Affirmed in part, reversed in part, and remanded.*

GROSS, DAMOORGIAN and KUNTZ, JJ., concur.

*       *       *

*Not final until disposition of timely filed motion for rehearing.*