DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RYAN CROUSE,**
Appellant,

v.

**NANCY L. CROUSE,**
Appellee.

No. 4D22-2070

[July 26, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Natasha DePrimo, Judge; L.T. Case No. FMCE17001320.

Gustavo E. Frances, Fort Lauderdale, for appellant.

Vanessa L. Prieto of Vanessa L. Prieto Law Offices, LLC, Fort Lauderdale, for appellee.

PER CURIAM.

The Former Husband appeals the circuit court's alimony award in the Final Judgment of Dissolution of Marriage. He argues the circuit court erred because it (a) failed to make specific findings about the parties' net incomes, (b) improperly relied on the Former Husband's gross income in determining alimony, and (c) left the Former Husband with substantially less net income than the Former Wife after the alimony award, without written findings justifying exceptional circumstances. We agree the circuit court failed to make specific findings about the parties' net income and, without specific findings about net income, we cannot determine whether the judgment left the Former Husband with substantially less income. As a result, we reverse the final judgment and remand for further proceedings.

After a hearing, the circuit court ordered the Former Husband to pay the Former Wife $1,200 monthly in durational alimony for seven years. When it approved a statement in place of a transcript[1], the circuit court

_____
[1] A statement of evidence was filed pursuant to Florida Rule of Appellate Procedure 9.200(b)(5).

explained that:

> Based on the evidence presented, the Court made a finding that [the Former Husband] had a surplus in income, but the specific amount is not reflected in the final judgment . . . [and the] finding as to the surplus was based upon the financial affidavit, the testimony provided, and other financial information that was produced as evidence. In accordance with the default that was entered, the [Former Husband] procedurally did not contest the [Former Wife's] need nor his ability to pay alimony. The Court determined the amount of alimony based upon the filed financial affidavits, the testimony provided, and the other financial information that was submitted. The amount of alimony . . . is $1,200.00 per month. The amount of temporary child support . . . [is] $1625.00 per month . . . [and] [t]he amount of [gross] income listed in the [Former Husband's] financial affidavit is $3900.00.

On appeal, the Former Husband argues the circuit court erred when it failed to address the parties' net incomes to determine the alimony award, and that the alimony award left him with substantially less net income than the Former Wife in violation of section 61.08(9), Florida Statutes.

First, we agree that under section 61.08(2), Florida Statutes, in determining whether to award alimony, a trial court must make a specific factual determination about one party's need for alimony, and the other party's ability to pay alimony—and this determination must be based on the parties' net incomes. *See* § 61.08(2), Fla. Stat. (2022); *Conlin v. Conlin*, 212 So. 3d 487, 488 (Fla. 2d DCA 2017); *Tritschler v. Tritschler*, 273 So. 3d 1161, 1166 (Fla. 2d DCA 2019). As such, a finding on the parties' net incomes is required. *See Reese v. Reese*, No. 6D23-201, 2023 WL 3400377, at *6 (Fla. 6th DCA May 12, 2023) (holding that the lower "court's failure to make specific findings regarding the parties' net incomes necessitates reversal of the alimony award"). In addition to making no findings about the parties' net incomes, the circuit court's statement references the Former Husband's gross income, not his net income, and "[a]n alimony award based on gross income must be reversed." *Hanson v. Hanson*, 217 So. 3d 1165, 1166 (Fla. 2d DCA 2017) (citing *Moore v. Moore*, 157 So. 3d 435, 437 (Fla. 2d DCA 2015)).

Second, an alimony award "may not leave the payor with significantly less net income than the net income of the recipient unless there are written findings of exceptional circumstances." *Rabadan v. Rabadan*, 322

So. 3d 660, 661 (Fla. 4th DCA 2021) (emphasis omitted) (quoting § 61.08(9), Fla. Stat.). Because the circuit court did not make a finding about the parties' net incomes, we cannot determine whether the alimony award leaves the Former Husband with significantly less net income.

Therefore, the circuit court's final judgment is reversed, and the case is remanded for further proceedings.

*Reversed and remanded.*

DAMOORGIAN, LEVINE and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**