858 So.2d 1170 (2003)
Patricia A. FARLEY, Appellant,
v.
Emanuel Dean FARLEY, Appellee.
No. 2D02-4940.
District Court of Appeal of Florida, Second District.
November 7, 2003.
*1171 M. Katherine Ramers of M. Katherine Ramers, P.A., Dunedin, for Appellant.
Carl T. Boake of the Law Offices of Carl T. Boake, P.A., St. Petersburg, for Appellee.
STRINGER, Judge.
Patricia Farley, the Former Wife, seeks review of the amended final judgment of dissolution of marriage in which, on remand from this court, the trial court awarded the Former Wife $2350 per month permanent periodic alimony. We reverse in part and remand for the trial court to enter an award of alimony in the amount of $3350.
The trial court entered a final judgment of dissolution of marriage on November 8, 2000. The parties had been married for twenty-four years and had a minor child aged seventeen at the date of filing the petition for dissolution of marriage. The Former Wife did not work during the marriage based on an agreement between the parties, and the Former Husband, Emanuel Farley, was the sole wage earner. After approving the parties' partial mediation agreement that addressed equitable distribution, the trial court awarded the Former Wife $2350 per month permanent periodic alimony. To support its award, the trial court made the following findings: (1) income should be imputed to the Former Wife in the amount of $1250 per month; (2) the Former Wife's "baseline expenses" were $3600 per month; and (3) the Former Husband had the ability to pay, and the Former Wife had the need for, permanent periodic alimony in the amount of $2350 per month.
The Former Wife appealed the trial court's award of alimony, and this court reversed and remanded "for entry of a final judgment of dissolution of marriage containing the required statutory findings to support the award of alimony and which addresses the tax implications of the alimony award." Farley v. Farley, 800 So.2d 710, 712 (Fla. 2d DCA 2001); see § 61.08(1), (2), Fla. Stat. (1999). This court further stated that the final judgment of dissolution did not address the standard of living the parties enjoyed during the marriage, did not state the Former Husband's income, and did not consider the Former Wife's postdissolution expenses. Farley, 800 So.2d at 712.
*1172 On remand, the trial court entered an amended final judgment setting forth findings of fact as to each of the section 61.08 statutory elements. The trial court found in part that the Former Wife had sustained herself throughout the three years of litigation on $2400 temporary alimony and $1200 child support; the Former Wife's "total needs are $3600 per month, including tax liability" on her income and alimony; the Former Wife has the ability to contribute to her own needs in the amount of $1250 per month; and the Former Husband's income was $100,843 in 1995, $124,505 in 1996, $168,071 in 1997, and $154,689 in 1998. Finally, the trial court again found that the Former Husband has the ability to pay and that the Former Wife has the need for $2350 permanent periodic alimony per month.
The primary criteria in awarding alimony are the needs of the spouse and the ability of the other spouse to meet those needs given the standard of living established during the marriage. Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980). In determining the appropriate amount of alimony, the trial court shall consider tax implications when such evidence is presented. Lutgert v. Lutgert, 362 So.2d 58, 62 (Fla. 2d DCA 1978); Miller v. Miller, 625 So.2d 1320, 1321 (Fla. 5th DCA 1993). The trial court's award of alimony is subject to an abuse of discretion standard of review, Canakaris, 382 So.2d 1197; and where the record does not contain substantial, competent evidence to support the trial court's findings regarding the amount of alimony awarded, the appellate court will reverse the award. Wendroff v. Wendroff, 614 So.2d 590 (Fla. 1st DCA 1993).
The trial court's finding that the Former Wife's total needs are $3600 per month, including tax liability on her income and alimony, is not supported by the record. In its amended final judgment, the trial court summarily stated that the Former Wife's total needs are $3600 per month, "including the tax liability she will incur," making no adjustments on remand to reflect the evidence presented regarding tax implications. The trial court found the Former Wife's needs were met by $3600 per month because she was able to sustain herself during litigation on temporary support in the amount of $3600. However, the Former Husband's CPA testified that the temporary support was set up in such a way that the Former Wife incurred no tax liability by virtue of jointly filed tax returns. Furthermore, the trial court's calculation of needs does not include postdissolution expenses that the Former Wife will incur in the form of health insurance premiums of approximately $200 per month.
Accordingly, we reverse the permanent periodic alimony award of $2350 per month and direct the trial court on remand to increase the alimony award. While it is normally not the function of this court to direct the trial judge to enter a specific amount of alimony award, we believe a specific direction is appropriate in this case which, now on its second appeal, has been pending for three years. See, e.g., Lutgert, 362 So.2d at 63. Therefore, based on the record evidence, we have determined the appropriate amount of alimony to be $3350 per month, considering tax implications, the Former Wife's health insurance premiums, and $1250 per month income imputed to the Former Wife. Such an award is well within the ability of the Former Husband to pay based on the trial court's findings as to the Former Husband's income. The adjustment in alimony should be applied retroactively, as of October 12, 2000, the date of the initial determination of entitlement to alimony. See Olds v. Olds, 584 So.2d 646 (Fla. 2d DCA 1991). In all other *1173 respects, the amended final judgment of dissolution is affirmed.
Affirmed in part, reversed in part, and remanded.
FULMER and DAVIS, JJ., Concur.