SILBERMAN, Judge.
 

 In this postdissolution proceeding, Shirley Q. Wabeke, the Former Wife, seeks review of the “Supplemental Final Judgment to Modify and Increase Alimony.” The Former Wife challenges the amount of alimony awarded and the trial court’s denial of her request that Mark Wabeke, the Former Husband, maintain life insurance to secure the award. We reverse the alimony award because the trial court failed to make sufficient findings of fact to
 
 *794
 
 support the award. We affirm without comment the denial of the Former Wife’s request that the Former Husband be required to maintain life insurance as security for alimony.
 

 In November 1995, the trial court entered a final judgment of dissolution of marriage which incorporated the parties’ marital settlement agreement (MSA) and dissolved the parties’ eighteen-year marriage. The MSA provided that the Former Husband would pay $1800 per month in rehabilitative alimony for a period of ten years. Either party could apply for modification or termination of alimony prior to the expiration of the ten-year period, with the change to become effective upon the expiration of the ten-year period. The MSA also required the Former Husband to pay $1900 per month in child support until the children turned eighteen. At the time, the Former Husband was earning a gross annual income of about $100,000.
 

 In addition to providing for alimony, the MSA equitably divided the parties’ marital assets and liabilities. The MSA awarded the Former Wife the first $150,000 from the future sale of the marital home, $203,719.40 from the Former Husband’s retirement benefits, and approximately $75,000 in other liquid assets. The MSA awarded the Former Husband a similar amount of assets.
 

 Prior to the expiration of the ten-year period, the Former Wife filed a supplemental petition for modification of the final judgment of dissolution of marriage. The Former Wife requested an extension of alimony, a conversion of rehabilitative alimony to permanent periodic alimony, and an increase in alimony. The Former Wife asserted that the Former Husband’s income had increased, her income had decreased, and the child support obligation was extinguished because the children had reached majority. The Former Husband eventually agreed that the Former Wife was unemployable and entitled to permanent alimony. The Former Husband also agreed to pay the Former Wife $3700 in temporary alimony while the supplemental petition was pending.
 

 At the hearing on the supplemental petition, the Former Wife testified that she used the $150,000 she received from the sale of the marital home as a down payment for her current home. She further testified that she had invested the assets she received in equitable distribution and her income was limited to the support paid by the Former Husband and the income generated by these investments. The Former Wife claimed that she had to regularly dip into the investments to pay her living expenses.
 

 The Former Wife’s financial affidavit listed her living expenses as $6600. The Former Wife testified that her monthly expenses had not changed significantly from the monthly expenses of approximately $6000
 
 [1]
 
 she had at the time of the original final judgment. She testified that at the time of the hearing her share of the Former Husband’s retirement account had diminished from $203,719.40 to $86,000. The Former Wife claimed she had only $3200 left in investments and that she had $14,700 in credit card debt. She would need a monthly alimony award of $7600 to pay her claimed expenses because of tax implications.
 

 The Former Husband testified that his 2006 gross annual income was over $213,000, although there was some evidence that his income may have been $234,739.77. His 2006 gross income was more than double his 1996 gross annual
 
 *795
 
 income of $100,000. In addition, the Former Husband’s financial affidavit listed over $1 million dollars in net assets. He also acknowledged that he had several substantial assets that were not listed on his current financial affidavit, including (1) a retirement account worth almost $1 million; (2) a 401(k) account worth $31,059; and (3) a $20,000 bond.
 

 The Former Husband’s counsel urged the trial court to find that the Former Wife’s monthly expenses could not have been $6000 or $6600 because his “simple math” showed that she would not have $86,000 left in her share of the Former Husband’s retirement account if her monthly expenses had been $6000 or $6600 over the years. Counsel argued that a monthly alimony award of $3000 to $3700 would be appropriate.
 

 The trial court entered a “Supplemental Final Judgment to Modify and Increase Alimony” which devoted two paragraphs to the Former Wife’s need and the Former Husband’s ability to pay alimony. Those two paragraphs read as follows:
 

 (8) At hearing, the former wife alleged that she had depleted her retirement assets since the Final Judgment of Dissolution. The Court finds that she was depleting her assets for living expenses at the rate of $1,000.00 per month, over a twelve (12) year period of time, and that she depleted a total of $114,000.00
 
 [2]
 
 in assets. The Court therefore finds that the alleged need of the former wife cannot amount to the $6,000.00 per month she has claimed, as she received full support from the husband during this same twelve (12) year period of time.
 

 (9) The former husband’s income has increased from $8,333.00 gross per month at the time of the Final Judgment, to $11,960.00 gross per month plus bonus and commissions, at the time of hearing. The former husband’s income for the year of 2006 was $234,000.00 gross and was $137,000.00 for the period of January, 2007 through August, 2007. The former husband’s income has doubled since the time of the Final Judgment and therefore the former husband has the ability to pay $3,700.00 per month in permanent periodic alimony. This amount of alimony is essentially double the $1,800.00 per month in rehabilitative alimony that the former husband has been paying pursuant to the Final Judgment of Dissolution of Marriage.
 

 The court awarded the Former Wife $3700 per month in permanent periodic alimony. The Former Wife filed a timely motion for rehearing, which the court denied.
 

 On appeal, the Former Wife argues that the amount of alimony awarded is not supported by substantial, competent evidence and that the trial court erred in failing to make specific findings regarding the statutory alimony factors set forth in section 61.08(2), Florida Statutes (2006). “The trial court’s award of alimony is subject to an abuse of discretion standard of review, and where the record does not contain substantial, competent evidence to support the trial court’s findings regarding the amount of alimony awarded, the appellate court will reverse the award.”
 
 Farley v. Farley,
 
 858 So.2d 1170, 1172 (Fla. 2d DCA 2003) (citation omitted).
 

 Section 61.08(2) provides several factors that the court “shall consider” when fashioning an alimony award:
 

 
 *796
 
 (a) The standard of living established during the marriage.
 

 (b) The duration of the marriage.
 

 (c) The age and the physical and emotional condition of each party.
 

 (d) The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each.
 

 (e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
 

 (f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
 

 (g) All sources of income available to either party.
 

 “A trial court’s failure to make specific factual findings with regard to alimony ‘may preclude meaningful appellate review[] and result in a case having to be reversed and remanded.’ ”
 
 Ruberg v. Ruberg,
 
 858 So.2d 1147, 1155 (Fla. 2d DCA 2003) (quoting
 
 Walsh v. Walsh,
 
 600 So.2d 1222, 1223 (Fla. 1st DCA 1992)).
 

 In this case, the court made some findings regarding the Former Wife’s financial resources, but those findings are not supported by substantial, competent evidence. The trial court rejected the Former Wife’s testimony that her monthly expenses were $6600 based on its calculation of the amount of assets that she depleted monthly to pay her expenses. However, the only depleted asset the court considered was the Former Wife’s share of the Former Husband’s retirement account. The court failed to consider the diminished value of the Former Wife’s other investments and her credit card debt.
 

 Additionally, the court failed to make specific findings regarding the other relevant statutory alimony factors. First, the court failed to make any findings regarding the parties’ standard of living during the marriage. Second, aside from the erroneous findings referenced above, the court failed to make specific findings regarding the Former Wife’s financial resources. Third, while the court found that the Former Husband’s income had doubled since entry of the original final judgment, the court failed to make any findings regarding the significant increase in the Former Husband’s assets. Finally, the court failed to make any findings regarding the tax implications of the alimony award.
 
 See Farley,
 
 858 So.2d at 1172.
 

 Because the trial court made no specific factual findings that would support its $3700 alimony award, we reverse the alimony award and remand for further proceedings.
 
 Cf. Ruberg, 858
 
 So.2d at 1155. We recognize that the parties did not provide the trial court with a great deal of detailed evidence to consider in this case, but the absence of specific factual findings precludes meaningful appellate review.
 

 Affirmed in part, reversed in part, and remanded.
 

 CASANUEVA, C.J., and CRENSHAW, J., Concur.
 

 [1]
 

 . The Former Wife's original financial affidavit listed monthly expenses of $7185, but $1175 of those expenses were for the children.
 

 [2]
 

 . It should be noted that the court's calculation of the total depletion in assets was erroneous. If the Former Wife depleted $1000 in assets each month for twelve years, she would have depleted a total of $144,000, not $114,000.