PER CURIAM.
 

 Former husband raised several issues on appeal of the Final Judgment of Dissolution of Marriage from appellee, former wife. We affirm in part and reverse in part.
 

 Appellant argues that the trial court’s award of alimony to appellee is an abuse of discretion because his income is exhausted by all of his obligations under the judg
 
 *290
 
 ment so that he is left with no money to support himself.
 
 See Ballesteros v. Ballesteros,
 
 819 So.2d 902, 903 (Fla. 4th DCA 2002) (discretion abused, where combined alimony and child support equaled 60% of former husband’s net income, leaving him just $695.67 on which to live).
 

 The trial court found that appellant earned a gross monthly income of $4,166.67 and ordered him to make monthly payments of $1,100 for alimony, $672.48 for child support, and $161.33 for the children’s medical insurance. The Child Support Guidelines Worksheet attached to the final judgment calculated his retained monthly income to be $1,807.18, which was 74.88% of his net income. However, those calculations failed to deduct from his retained income the $161.33 per month he was ordered to pay for the children’s insurance.
 

 The trial court also failed to deduct premiums it ordered appellant to pay for ap-pellee’s COBRA medical insurance. No evidence had been presented as to the cost of the COBRA premiums, and the trial court did not set a fixed amount for the payment. On appeal, appellant asserts that the insurance costs $320 per month. If both of the asserted insurance premiums were deducted from appellant’s net income, he would then be left with $1,326 or 53.49% of his net income per month on which to live.
 

 It is clear that the trial court did not consider all of the mandatory obligations imposed on appellant by the judgment when it found that he retained sufficient funds to support himself. Therefore, without reaching the merits of his alimony argument, we reverse and remand for the trial court to ascertain appellant’s actual obligations under the judgment and to exercise its discretion in determining whether appellant will be left with an appropriate retained income after paying them. If it determines that he will not, the trial court shall modify the obligations in its judgment accordingly.
 

 We also reverse the portion of the judgment ordering appellant to maintain life insurance to guarantee alimony and child support. The trial court failed to make required findings concerning the need for the insurance and appellant’s ability to maintain it.
 
 Byers v. Byers,
 
 910 So.2d 336, 346 (Fla. 4th DCA 2005). On remand the trial court may make the requisite findings.
 

 We have considered the other issues raised by appellant and find them to be without merit.
 

 Affirmed in part, reversed in part, and remanded.
 

 STEVENSON, MAY and LEVINE, JJ, concur.