DAVIS, Judge.
Andrea Swor, the Former Wife, and G. Michael Swor, the Former Husband, were divorced in 2000. At that time, they had six minor children who originally resided with the Former Wife. Since the entry of the final judgment of dissolution of marriage, the parties have engaged in continuous litigation. As a result of several modifications of the final judgment, the Former Husband was designated the primary residential parent of the parties’ three remaining minor children. The Former Husband then filed a motion for child support from the Former Wife. The proceedings on the Former Husband’s motion were fraught with complications, including the involvement of two different magistrates in addition to the trial court judge. The Former Wife now challenges the final order imposing child support and, in doing so, raises seven different procedural and evidentiary challenges. We affirm the ruling of the trial court on six of these issues without comment; however, we reverse on the amount awarded for retroactive child support and remand for further consideration.
The final judgment of dissolution required the Former Husband to pay to the Former Wife the sum of $4500 a month in alimony. The record reveals that the Former Husband did not pay his alimony obligations from November 16, 2006, through October 16, 2007, and that the trial court entered a final judgment against the Former Husband for the unpaid $54,000 plus interest in March 2008.[1] The record further indicates that as of the time of the magistrate’s calculation of the Former Wife’s retroactive child support obligation, the final judgment against the Former Husband for the alimony arrearage remained unpaid.
On June 24, 2009, the magistrate entered her decision and recommendations regarding child support. Included in the recommendations was the imposition of a retroactive child support obligation against the Former Wife for the period of August 31, 2007, through May 31, 2009, at the rate of $2626 per month. This calculation was based on the Former Wife’s receipt of the $4500 a month alimony and the imputation of income to the Former Wife that also was recommended by the magistrate. The total of the retroactive child support award against the Former Wife was $55,146. These recommendations were adopted by the trial judge and formed the basis of the child support order entered October 12, 2009.
We agree with the Former Wife that the amount of retroactive child support awarded was erroneously calculated. Although the magistrate recommended that the Former Wife’s child support obligation should be retroactive to August 31, 2007, the record demonstrates that the Former Wife did not receive alimony payments from the Former Husband for the period spanning August 31 to October 16, 2007. As such, it was error to include the sums due for this time period in the calculation that was the basis for the amount of retroactive child support awarded in the final judgment. See § 61.30(17)(a), Fla. Stat. (2009) (requiring the court to consider “the obligor’s demonstration of his or her actual income ... during the retroactive period” when determining the amount of a retroactive child support award). Accordingly, we must reverse the award of retroactive child support and remand to the trial court to recalculate the amount to be awarded. In all other respects, the final order is affirmed.
*827 Affirmed in part, reversed in part, and remanded with instructions.
SILBERMAN and CRENSHAW, JJ., Concur.

. The trial court subsequently entered a contempt order for the failure to pay the alimony due November 16, 2007, through March 16, 2008. This amount was paid in full by the Former Husband in April 2008 after the trial court issued a writ of bodily attachment.