STEVENSON, J.
This consolidated appeal stems from a final judgment dissolving the twenty-two-year marriage of Mark and Jana Cissel and requiring the husband to pay $3,000 per month in permanent periodic alimony, $1,652.92 per month in child support, his proportionate share of the children’s private school tuition, and sixty percent of the wife’s attorney’s fees and costs. The husband seeks reversal, challenging the trial court’s findings regarding his income; the wife has cross-appealed, insisting the alimony award was insufficient. Because we find the trial court’s findings concerning the husband’s income cannot be sustained, we reverse and remand.
The trial court’s finding that the husband had gross monthly earnings of $18,109 was based upon the husband’s average earnings over the fourteen months preceding the hearing. In this case, we find no error in the trial court’s resort to such average. We agree with the husband, though, that the $18,109 gross income figure was not the proper basis for any support awards. Alimony awards must be predicated upon the income that is available to the parties, i.e., the parties’ net monthly incomes. See § 61.08(2)(i), Fla. Stat. (requiring trial court to consider “[a]ll sources of income available to either party”) (emphasis added); Zold v. Zold, 911 So.2d 1222, 1229 (Fla.2005); Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980). This is particularly troublesome as to the husband’s income since the trial court failed to deduct the husband’s undisputed business expenses, averaging in excess of $2,000 per month. See, e.g., Valentine v. Van Sickle, 42 So.3d 267, 273 (Fla. 2d DCA 2010) (holding husband’s per diem reimbursement for business expenses could not be included in monthly income for purposes of calculating alimony where funds were used to pay for husband’s business travel and did not reduce his personal living expenses). Moreover, in determining the husband’s income, the trial court erroneously treated the longevity bonus and restricted stock amounts reflected in the January-February 2009 paystubs as recurring earnings. For these reasons, we find that the trial court’s findings regarding the parties’ income cannot be sustained.
Further, in awarding alimony, the trial court must consider, and make factual findings concerning, the factors set forth in section 61.08, Florida Statutes (2010). See § 61.08(1), Fla. Stat. (“In all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony.”); Lift v. Lift, 1 So.3d 259, 261 (Fla. 4th DCA 2009) (“A trial court must support its alimony decision by including findings of fact in the final judgment.”). Here, the trial court’s findings were limited to the length of the marriage and the fact that the standard of living during the marriage consumed approximately $20,000 per month. And, in this case, the marital standard of living was of little value in determining an appropriate alimony award as the undisputed evidence was that the marital lifestyle cost more than the parties’ regular earnings *893 and was funded, in part, by a sign-on bonus that had been spent by the time of the proceedings. See Nichols v. Nichols, 907 So.2d 620, 623 (Fla. 4th DCA 2005) (recognizing marital standard of living is not useful guide in awarding alimony where parties lived beyond their means).
Accordingly, we reverse those provisions of the final judgment addressing alimony, child support, private school tuition, temporary support, and attorney’s fees.[1] The case is remanded with directions that the trial court reconsider these issues after revisiting the matter of the parties’ net incomes, particularly the husband’s, consistent with this opinion.

Affirmed in part; Reversed in Part; and Remanded.

TAYLOR and LEVINE, JJ., concur.

. This includes the provision requiring the husband to procure life insurance to secure the alimony and child support awards as such a provision must be supported by findings of need and ability to pay. See Eaton v. Eaton, 16 So.3d 289, 290 (Fla. 4th DCA 2009); Lopez v. Lopez, 780 So.2d 164, 165 (Fla. 2d DCA 2001).