NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LISA LOCKARD MARTINEZ,                 )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D15-5154
                                       )
VICTOR MARTINEZ,                       )
                                       )
          Appellee.                    )
_____)

Opinion filed April 5, 2017.

Appeal from the Circuit Court for
Hillsborough County; Tracy Sheehan,
Judge.

Karol Williams, Esq. of Karol K. Williams,
P.A., Tampa, for Appellant.

No appearance for Appellee.


SILBERMAN, Judge.

          Lisa Lockard Martinez, the Wife, seeks review of a final judgment of

dissolution of marriage.  The Wife challenges the trial court's decision to award her

permanent periodic alimony in the amount of $600 per month.  We reverse because the

alimony award is insufficient to meet the Wife's basic needs even though Victor

Martinez, the Husband, has the ability to pay.

At the time of filing, the parties had been married for thirty years and their children were no longer minors. The parties entered into a marital settlement agreement (MSA) which equitably distributed their limited assets. The parties agreed to stop making payments on the marital home, list it for short sale, and split any proceeds. The Wife received half of the Husband's military retirement, which amounted to $1100 monthly. Both parties took on significant marital debt. The trial court approved the MSA and incorporated it in the final judgment of dissolution.

The Wife's request for alimony was decided after a trial at which the Wife proceeded pro se. The Wife testified that she worked during the marriage and took care of the parties' children while the Husband was stationed overseas with the military. The Wife worked as a bartender during the early years of the marriage. She worked as a licensed real estate agent from at least 2006 to 2011 or 2012, and she earned between $40,000 and $150,000 annually with the highest salary being paid during the real estate boom in 2006 and 2007. The Wife was in a motorcycle accident in 2012, and she was not working at the time of trial. She had filed a claim for federal disability benefits, but the claim was denied. The Wife was in the process of resubmitting her claim which, if approved, would pay $886 per month.

The Wife said she paid her living expenses during these proceedings using a legal settlement of $25,000, voluntary monthly payments of between $1000 and $1500 from the Husband, and an unspecified amount of additional money the Husband gave her upon request. She did not present a financial affidavit listing her monthly expenses and only testified regarding two of those expenses: (1) $1200 in rent and (2)

$567 in medical insurance. She requested that the Husband pay $2000 in monthly alimony.

The Husband testified that he was retired from the military and working for the government on a contract basis. He was also receiving a disability check. The Husband has a net monthly income of $5654.78. The Husband's monthly expenses, including payments to creditors, are approximately $4635.[1] He said he had been paying the Wife $900 a month during these proceedings and acknowledged he gave her extra money when she requested it. He asserted that the Wife was physically capable of going back to work and had quit her job just to "stick it to" him. In any event, he stated he could only afford to pay $500 in alimony.

The court made a general finding that the Wife has a need for alimony and the Husband has the ability to pay. However, the court did not make a specific calculation of the Wife's income. The court found that the Wife was receiving the $1100 monthly retirement payment and noted that she will receive $886 a month if her disability claim is approved. The court also found that the Wife had made as much as $150,000 annually as a realtor and quit work for reasons not attributed to her medical issues. However, the court did not indicate it was imputing income to the Wife. It merely stated that the Wife "could probably get a good paying job and get back to a good financial situation fairly quickly, should she desire to do so."

The court described the parties' standard of living during the marriage as "a modest middle class lifestyle." As for the Wife's expenses, the court stated that the

---

[1]This amount was calculated by considering the Husband's testimony on cross-examination admitting that he overstated $510 of his expenses.

evidence presented by the Wife was "cryptic."  The only specific expense the court recognized was $1200 for rent.  The court concluded, "Despite the lack of evidence as to Wife's specific need the Court does find that Wife has a need for Alimony, if only to meet her only stated need, that of an apartment."  The court awarded the Wife $600 in permanent periodic alimony without specifying how it calculated that amount.

"[P]ermanent periodic alimony is intended to allow the requesting spouse 'to maintain the standard of living established by the parties during the marriage and to ensure that, viewing the totality of the circumstances, one spouse is not shortchanged.' "  Zinovoy v. Zinovoy, 50 So. 3d 763, 766 (Fla. 2d DCA 2010) (quoting Griffin v. Griffin, 906 So. 2d 386, 388 (Fla. 2d DCA 2005)).  The trial court has broad discretion in awarding alimony, but the award must be commensurate with one spouse's need and the other's ability to pay.  Id. at 766-67.  The award will only be affirmed if it is supported by competent, substantial evidence.  Id. at 766.

We conclude that the $600 alimony award is not supported by competent, substantial evidence.  Indeed, it is insufficient to meet the Wife's basic needs even though the Husband has the ability to pay.  As to the Wife's income, the evidence was sufficient to establish only that the Wife was receiving $1100 monthly from the Husband's military retirement.  Although the trial court noted that the Wife will receive $886 a month if her disability claim is approved, the court could not rely on this income because it was based on future speculation.  See Searcey v. Searcey, 923 So. 2d 528, 530 (Fla. 2d DCA 2006); Alcantara v. Alcantara, 15 So. 3d 844, 846 (Fla. 3d DCA 2009).

If the court was intending to impute income to the Wife, it failed to set forth an amount of income that was supported by the evidence. The court's finding that the Wife had earned as much as $150,000 as a realtor is not sufficient to support imputation of this amount without evidence she could earn this amount at present. See Valentine v. Van Sickle, 42 So. 3d 267, 272-73 (Fla. 2d DCA 2010); Rabbath v. Farid, 4 So. 3d 778, 784 (Fla. 1st DCA 2009). The testimony only established that the Wife earned this salary during the real estate boom in 2006 and 2007.

Despite the fact that the Wife's evidence regarding her living expenses was "cryptic," she still presented unrebutted testimony that she had monthly expenses of $1200 in rent and $567 in medical insurance. In addition, the MSA establishes that the Wife has taken on significant marital debt. However, the trial court recognized only the Wife's rent expense and awarded alimony "only to meet her only stated need, that of an apartment." When the evidence of the Wife's additional expenses is considered, the $600 alimony award is clearly not commensurate with the Wife's basic needs.

As for the Husband's ability to pay, the evidence established that he was earning $5654.78 monthly. Additionally, he had been able to pay the Wife temporary alimony of at least $900 a month plus extra amounts here and there during the course of these proceedings. The $600 alimony award permitted the Husband to pay all of the monthly expenses on his financial affidavit, which totaled $4635, and still have a $1019 monthly surplus.

Under the totality of the circumstances, the $600 alimony award shortchanged the Wife. The alimony award does not allow the Wife to maintain the parties' "modest middle class lifestyle" while it allows the Husband to do so. Because

the award does not provide for the Wife's needs as they were established during the marriage despite the Husband's apparent ability to meet those needs, it constituted an abuse of discretion. See Melton v. Melton, 79 So. 3d 154, 156-57 (Fla. 2d DCA 2012).

We therefore reverse and remand for the court to reconsider the alimony award. On remand, the court may take additional evidence to establish the parties' current financial circumstances. See Levy v. Levy, 900 So. 2d 737, 744-45 (Fla. 2d DCA 2005). The final judgment of dissolution is otherwise affirmed.

Affirmed in part, reversed in part, and remanded.


BLACK and ROTHSTEIN-YOUAKIM, JJ., Concur.