NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RONALD THREADGILL, )
)
     Appellant, )
)
v. )     Case No. 2D15-5547
)
KATHLEEN NISHIMURA, )
)
     Appellee. )
_____)

Opinion filed June 28, 2017.

Appeal from the Circuit Court for
Hillsborough County; Richard A. Nielsen,
Judge.

Monica P. Lopez Da Silva of Da Silva Law
Firm, P.A., Tampa, for Appellant.

No appearance for Appellee.


KHOUZAM, Judge.

        Ronald Threadgill (the Former Husband) timely appeals the circuit court's

order partially granting Kathleen Nishimura's (the Former Wife) motion for indirect civil

contempt and enforcement. We reverse in part and dismiss in part.

        After a twenty-four year marriage, the parties were divorced in 2012. As

part of those proceedings, the Former Husband agreed to pay one-third of his gross

income and bonuses to the Former Wife as permanent alimony. In November 2013, the Former Wife filed a motion for indirect civil contempt and enforcement in which she alleged that the Former Husband underpaid alimony in 2012 and 2013. Following a hearing,[1] the trial court found that the Former Husband owed the Former Wife a total of $8250 in unpaid alimony and found that the Former Wife was entitled to attorney's fees for the bringing of her motion. The Former Husband filed a motion for rehearing which was subsequently denied. On appeal, he maintains the trial court erred in calculating the alimony he owed for 2012 and 2013 and in awarding the Former Wife attorney's fees.

"The trial court's award of alimony is subject to an abuse of discretion standard of review, and where the record does not contain substantial, competent evidence to support the trial court's findings regarding the amount of alimony awarded, the appellate court will reverse the award." Wabeke v. Wabeke, 31 So. 3d 793, 795 (Fla. 2d DCA 2009) (quoting Farley v. Farley, 858 So. 2d 1170, 1172 (Fla. 2d DCA 2003)).

First, the Former Husband argues the trial court erred in calculating his 2012 alimony obligations because it failed to deduct his ordinary and necessary business expenses. As a threshold matter, we note that an alimony award is usually based on a party's net, as opposed to gross, income. See Kingsbury v. Kingsbury, 116 So. 3d 473, 474 (Fla. 1st DCA 2013) ("The ability to pay alimony should be based on the party's net income." (citing Vanzant v. Vanzant, 82 So. 3d 991, 993 (Fla. 1st DCA

_____

[1]The record on appeal does not contain a transcript of this hearing. However, a statement of evidence prepared in accordance with Florida Rule of Appellate Procedure 9.200(b)(4) was transmitted as a part of the record in lieu of a transcript.

2011))).  However, we reiterate that the Former Husband <u>agreed</u> to calculate the alimony based on his gross income and has not challenged this method of calculating alimony.

In 2012, the Former Husband was self-employed.  Accordingly, the court was required to calculate his income based on his business income, defined as "gross receipts minus ordinary and necessary expenses required to produce income."  <u>Smith v. Smith</u>, 575 So. 2d 228, 228 (Fla. 2d DCA 1991) (quoting <u>In re Amendments to Rules of Civil Procedure</u>, 536 So. 2d 974, 987 (Fla. 1988)); <u>see also</u> § 61.30(2)(a), Fla. Stat. (2013) (defining business income as "gross receipts minus ordinary and necessary expenses required to produce income," for the purposes of gross income calculations in determining child support).  Here, the trial court erred in calculating the Former Husband's business income using his gross receipts without subtracting his ordinary and necessary business expenses.  <u>See</u> <u>Cissel v. Cissel</u>, 82 So. 3d 891, 892 (Fla. 4th DCA 2011) (reversing alimony award where "trial court failed to deduct the husband's undisputed business expenses" in calculating former husband's income).

The trial court also erred in calculating the alimony owed by the Former Husband in 2012 because it failed to fully account for the alimony already paid.  In its order, the court made a factual finding that the Former Husband paid $4000 in 2012. This finding is repeated in the statement of evidence approved by the trial court. Nevertheless, in calculating the Former Husband's past due alimony for 2012, the trial court's order only credited the Former Husband $2500.  Accordingly, the trial court's calculation of the Former Husband's past due alimony for 2012 is erroneous because it is inconsistent with the court's own findings.  <u>See</u> <u>Boone v. Boone</u>, 3 So. 3d 403, 405

- 3 -

(Fla. 2d DCA 2009) (finding that court's decision to reduce alimony payment was inconsistent with its owns findings); Dolfi v. Dolfi, 667 So. 2d 409, 410 (Fla. 5th DCA 1996) (reversing alimony award that was inconsistent with the court's findings regarding former husband's ability to pay).

With respect to the trial court's calculations of the Former Husband's 2013 alimony obligations, the Former Husband argues the trial court erred in including a $12,500 payment to the Former Husband in his gross income. The court found this payment to be a moving allowance as opposed to an employment bonus. Despite this finding, the trial court included this moving allowance in calculating the Former Husband's gross income for 2013. Thus, the trial court's alimony award for 2013 is also inconsistent with its own findings and must be reversed. See Boone, 3 So. 3d at 405; Dolfi, 667 So. 2d at 410.

Finally, the Former Husband challenges the award of attorney's fees to the Former Wife. We decline to address this issue because we lack jurisdiction. The trial court's order found the Former Wife was entitled to attorney's fees but did not set an amount. An order that merely finds entitlement to attorney's fees but does not set an amount is a nonfinal, nonappealable order. See Alexopoulous v. Gordon Hargrove & James, P.A., 109 So. 3d 248, 250 (Fla. 4th DCA 2013); Mills v. Martinez, 909 So. 2d 340, 342 (Fla. 5th DCA 2005) ("An award of attorney's fees does not become final, and, therefore, appealable until the amount is set by the trial court."); Chaiken v. Suchman, 694 So. 2d 115, 117 (Fla. 3d DCA 1997) (stating that an order awarding entitlement to attorney's fees does not become final until the amount of the fee is set); see also Fla. R. App. P. 9.130 (limiting appealable nonfinal orders to those enumerated in the rule).

- 4 -

Accordingly, we dismiss the appeal insofar as the Former Husband challenges the finding that the Former Wife is entitled to attorney's fees.

In sum, we reverse the alimony awards for 2012 and 2013 and remand for the court to recalculate the Former Husband's past due alimony for those years consistent with this opinion. Insofar as the Former Husband challenges the award of attorney's fees to the Former Wife, the appeal is dismissed.

Reversed and remanded in part with instruction; dismissed in part.

WALLACE and BADALAMENTI, JJ., Concur.