NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GINA K. PERSAUD,             )
                                     )
        Appellant/Cross-Appellee,   )
                                     )
v.                             )     Case No. 2D16-568
                                     )
DHANIRAM DANNY PERSAUD,   )
                                     )
        Appellee/Cross-Appellant.   )
                                     )
_____)

Opinion filed February 9, 2018.

Appeal from the Circuit Court for
Hillsborough County; Richard A. Nielsen,
Judge.

Mark A. Neumaier, Tampa, for
Appellant/Cross-Appellee.

James R. Schaffer of James R. Schaffer,
P.A., Tampa, for Appellee/Cross-Appellant.


VILLANTI, Judge.

        Gina Persaud (the Wife) appeals the amended final judgment of

dissolution of marriage from Dhaniram Persaud (the Husband). On appeal, the Wife

argues that the trial court erred by: (1) failing to award her adequate retroactive alimony;

(2) not considering the tax consequences of her durational alimony award; and

(3) erroneously calculating her retroactive child support obligation. On cross-appeal,

the Husband contends that the trial court erred by awarding the Wife any alimony at all. We find merit in only the second and third issues raised by the Wife, and we therefore reverse those aspects of the amended final judgment and remand for further proceedings. In all other respects, we affirm.

After a fourteen-year marriage, the Husband filed for dissolution of marriage on October 14, 2011. The parties initially stipulated to the entry of an order granting temporary relief to the Wife, under which the Husband was required to "pay normal and customary marital expenses of the parties, including without limitation, household mortgage payments, electric, telephone, cable, and auto insurance." The parties also agreed that the Husband would pay the Wife an additional $1200 per month as temporary support. When the marital home was sold, the court relieved the Husband of his obligation to pay the expenses for that home, but it increased the Wife's temporary support to $3500 per month effective July 2013. The parties later reached an agreement pertaining to equitable distribution issues, leaving only the issues of alimony, child support, and attorney's fees for the trial court's determination.

In the amended final judgment, the court ordered the Husband to pay durational alimony to the Wife of $3800 per month for a term of eight years. It also ordered the Husband to pay $3800 per month in alimony retroactively for the period of October 12, 2010, through July 31, 2013. Finally, the court ordered the Wife to pay retroactive child support for the parties' minor child for the period April 1, 2011, through July 31, 2013. The Wife appeals all three of these awards, and the Husband cross-appeals the award of durational alimony.

**Retroactive Durational Alimony**

The Wife first argues that the trial court erred by failing to award her retroactive alimony in accordance with her need during the pendency of the dissolution proceedings, contending that the temporary support award should have been in addition to the expenses of the marital home because the Husband was not paying those expenses as ordered.  The trial court found that prior to the sale of the marital home, the Wife required an additional $2357 net after taxes to sustain her lifestyle even after the Husband paid the monthly expenses for the marital home.  Nevertheless, the court had awarded only $1200 per month in addition to those expenses—an amount the Wife contends does not meet her demonstrated need.

"[A]n award of retroactive alimony must be based on the receiving spouse's need for alimony and the paying spouse's ability to pay."  Valentine v. Van Sickle, 42 So. 3d 267, 274 (Fla. 2d DCA 2010).  Need and ability to pay are determined based on the court's consideration of the factors listed in section 61.08(2), Florida Statutes (2011), including, inter alia, the duration of the marriage, the standard of living established during the marriage, the financial resources and earning capacity of each party, the tax treatment and consequences to both parties of the award, and "[a]ny other factor necessary to do equity and justice between the parties."  "The trial court's award of alimony is subject to an abuse of discretion standard of review, and where the record does not contain substantial, competent evidence to support the trial court's findings regarding the amount of alimony awarded, the appellate court will reverse the award."  Wabeke v. Wabeke, 31 So. 3d 793, 795 (Fla. 2d DCA 2009).

Here, contrary to the Wife's assertions, the Husband continued to pay the expenses of the marital home as ordered during the pendency of the proceedings and until the house was sold. Moreover, the amended final judgment explicitly states that the court considered the factors outlined in section 61.08(2), including the Wife's earning capacity and history of holding jobs. The record contains competent, substantial evidence supporting the court's factual and statutory analysis, and we find no abuse of discretion in the award of retroactive durational alimony. Therefore, we affirm that award.

## Prospective Durational Alimony

Next, the Wife contends that the trial court erred in determining the amount of her prospective durational alimony award because it failed to consider the tax consequences of that award. On cross-appeal, the Husband argues that the trial court erred by awarding the Wife any durational alimony at all. We reject the Husband's argument without further comment. However, because we agree with the Wife that the amended final judgment does not show that the court considered the tax consequences of its alimony award, we reverse the award and remand for reconsideration.

In considering the durational alimony award, the trial court found that the Wife had a need of $5630 per month, and it imputed income to her of $2083 per month based on her history of holding sporadic, low-paying jobs. Using those figures, the court found that the Wife had a need for alimony of $3800 per month. The amended final judgment indicates that the alimony awarded would be taxable to the Wife and deductible by the Husband. However, neither party disputes that the tax consequences of the alimony award to the Wife are as follows: $926.36 on $5057 monthly gross

- 4 -

income for 2011 and $1195.07 on $5880 monthly gross income for 2012 and 2013. As is clear from these figures, the Wife will actually receive net income significantly less than her demonstrated need of $5630 per month. And these figures form the basis for her claim that the durational alimony awarded is inadequate.

Section 61.08(2)(h) specifically requires that "[i]n determining whether to award alimony . . . the court shall consider . . . [t]he tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment." Further, "[a]n award of alimony must be based on the income that is available to the party, i.e., the party's net monthly income." Hanson v. Hanson, 217 So. 3d 1165, 1166 (Fla. 2d DCA 2017) (quoting Moore v. Moore, 157 So. 3d 435, 436 (Fla. 2d DCA 2015)); see also Rosaler v. Rosaler, 219 So. 3d 840, 842 (Fla. 4th DCA 2017) (reversing and remanding for the trial court to make findings regarding the tax consequences of an alimony award). When "[an] award does not provide for the Wife's needs as they were established during the marriage despite the Husband's apparent ability to meet those needs, it constitute[s] an abuse of discretion." Martinez v. Martinez, 228 So. 3d 164, 167 (Fla. 2d DCA 2017).

Here, it is clear from the amended final judgment that the trial court did not consider the tax consequences of its durational alimony award. Moreover, as a result of this oversight, the award does not meet the Wife's determined need despite the Husband's ability to pay. Therefore, we reverse this portion of the amended final judgment and remand for the trial court to make findings regarding the tax consequences of the alimony award and adjust the award accordingly.

**Retroactive Child Support**

Finally, the Wife contends that the trial court erred by using an unpaid award of retroactive alimony when calculating her income for purposes of determining her retroactive child support obligation. Again, we must reverse and remand for further proceedings.

The amended final judgment required the Wife to pay retroactive child support to the Husband for the period of April 1, 2011, through July 31, 2013. In determining the amount of that obligation, the court attributed $3800 in alimony income to the Wife for that period. However, it is clear from the record that the Wife did not actually receive $3800 per month in alimony during that time. Instead, the record shows that she received $1200 per month in alimony from August 2011 through December 2012 and $3500 per month beginning in January 2013. Hence, the trial court awarded retroactive child support based on alimony awards that the Wife never actually received.

In determining an award of retroactive child support, the court shall "apply the guidelines schedule in effect at the time of the hearing subject to the obligor's demonstration of his or her actual income . . . during the retroactive period."
§ 61.30(17)(a) (emphasis added); see also Swor v. Swor, 56 So. 3d 825, 826 (Fla. 2d DCA 2011) (reversing retroactive child support award that was based in part on alimony payments not actually received by the wife). Accordingly, it was error to include unpaid sums of retroactive alimony when calculating the Wife's monthly income for purposes of retroactive temporary child support. We therefore reverse the award of retroactive child support and remand for recalculation using the income actually available to the Wife during the period in question.

Affirmed in part, reversed in part, and remanded.


SILBERMAN and SALARIO, JJ., Concur.