IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

MAY 18, 2018

GINA K. PERSAUD,               )
                               )
        Appellant/Cross-Appellee, )
                               )
v.                             )        Case No. 2D16-568
                               )
DHANIRAM DANNY PERSAUD,        )
                               )
        Appellee/Cross-Appellant. )
                               )
_____)

BY ORDER OF THE COURT:


        Appellant/Cross-Appellee's motion for rehearing is granted.  The prior opinion

dated February 9, 2018, is withdrawn, and the attached opinion is issued in its place.



I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL, CLERK

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GINA K. PERSAUD,                              )
                                             )
          Appellant/Cross-Appellee,          )
                                             )
v.                                           )    Case No.   2D16-568
                                             )
DHANIRAM DANNY PERSAUD,                       )
                                             )
          Appellee/Cross-Appellant.          )
_____  )

Opinion filed May 18, 2018.

Appeal from the Circuit Court for
Hillsborough County; Richard A. Nielsen,
Judge.

Mark A. Neumaier, Tampa, for
Appellant/Cross-Appellee.

James R. Schaffer of James R. Schaffer,
P.A., Tampa, for Appellee/Cross-
Appellant.


VILLANTI, Judge.


          Gina Persaud (the Wife) appeals the amended final judgment of

dissolution of marriage from Dhaniram Persaud (the Husband).  On appeal, the Wife

argues that the trial court erred by: (1) failing to award her adequate retroactive alimony;

(2) not considering the tax consequences of her durational alimony award; and

(3) erroneously calculating her retroactive child support obligation. On cross-appeal, the Husband contends that the trial court erred by awarding the Wife any alimony at all. We find merit in all three arguments raised by the Wife, and we therefore reverse those aspects of the amended final judgment and remand for further proceedings. In all other respects, we affirm.

## Retroactive Durational Alimony

The Wife first argues that the trial court erred by failing to award her retroactive alimony in accordance with her demonstrated need as found by the trial court. This argument has merit and requires us to remand for further proceedings.

After a fourteen-year marriage, the Husband filed for dissolution on October 14, 2010. At that time, the Husband owned and ran a successful armored car business while the Wife was essentially a stay-at-home mother.

In July 2011, the parties stipulated to the entry of an order granting temporary relief to the Wife, under which the Husband agreed to pay the Wife $1200 per month in temporary support in addition to paying the "normal and customary marital expenses of the parties, including without limitation, household mortgage payments, electric, telephone, cable, and auto insurance." There is no dispute that the "normal and customary expenses of the parties" totaled approximately $11,781 per month. Hence, the Husband agreed to pay $12,981 per month in temporary support, with $1200 being paid directly to the Wife and the remainder being paid to others on her behalf. When the marital home was sold in July 2013, a subsequent order was entered that relieved the Husband of his obligation to pay the "normal and customary marital

expenses" but increased the direct support payment to the Wife to $3500 per month.

As the case progressed, the parties reached agreement on equitable distribution, leaving only the issues of alimony, child support, and attorney's fees for the trial court's determination. In paragraph 4.8 of the findings of fact in the amended final judgment, the court found that the "Wife required $2,357.00 net after taxes after Husband paid the mortgage, utilities and other customary expenses required by the July 8, 2011, Order Granting Temporary Relief." (Emphasis added.) Given the parties' earlier agreement that the mortgage, utilities, and other customary expenses totaled $11,781 per month, this finding means that the trial court determined the Wife's need before the sale of the marital home to be $14,138 per month.

However, in paragraph 7 of the actual award, the court awarded the Wife $3800 per month in retroactive alimony "less any amounts paid by the Husband to the Wife or paid by the Husband to others for the benefit of the Wife." (Emphasis added.) The effect of this language is to give the Husband credit against the $3800 retroactive alimony award not only for the $1200 per month he paid directly to the Wife, but also for the $11,781 he paid each month on the Wife's behalf for the mortgage, utilities, and other customary expenses of the parties. And, given this language, the result appears to be an overpayment of alimony by the Husband of $9181 per month—a result at odds with the factual finding in paragraph 4.8 that the Wife had a need during that period of $2357 net in addition to the usual and customary expenses of the parties.

As with any award of alimony, the "award of retroactive alimony must be based on the receiving spouse's need for alimony and the paying spouse's ability to pay." Alpert v. Alpert, 886 So. 2d 999, 1002 (Fla. 2d DCA 2004); see also § 61.08(2),

Fla. Stat. (2011).  Here, where the Husband's ability to pay was not in dispute, the discrepancy between the trial court's factual findings concerning the Wife's need and the amount actually awarded requires us to reverse this award and remand for further proceedings.

Moreover, we have no doubt that the trial court did not intend to fashion a retroactive alimony award that would result in a $9181 per month "overpayment" of temporary alimony by the Husband.  This is clear from the remainder of paragraph 7 of the award, which requires the parties to calculate "the retroactive alimony <u>arrearage owed by the Husband</u>" and which requires him to pay that arrearage "at the rate of $500.00 per month."  (Emphasis added.)  The court's directions relating to the payment of the Husband's retroactive alimony arrearage belie any contention that the trial court intended to make the Wife responsible for the carrying costs of the marital home, contrary to the parties' prior stipulation.

The inconsistency between the trial court's factual findings concerning the Wife's need for retroactive alimony and the amount actually awarded makes the retroactive alimony award erroneous.  <u>See, e.g.</u>, <u>Threadgill v. Nishimura</u>, 222 So. 3d 633, 635 (Fla. 2d DCA 2017) (reversing alimony award that was inconsistent with the trial court's factual findings concerning proper credit for the husband's prior alimony payments); <u>Boone v. Boone</u>, 3 So. 3d 403, 405 (Fla. 2d DCA 2009) (reversing alimony award that was inconsistent with the court's factual findings).  We therefore reverse the

award of retroactive durational alimony and remand for further proceedings on this issue.[1]

## Prospective Durational Alimony

Next, the Wife contends that the trial court erred in determining the amount of her prospective durational alimony award because it failed to consider the tax consequences of that award. On cross-appeal, the Husband argues that the trial court erred by awarding the Wife any durational alimony at all. We reject the Husband's argument without further comment. However, because we agree with the Wife that the amended final judgment does not show that the court considered the tax consequences of its alimony award, we reverse the award and remand for reconsideration.

In considering the prospective durational alimony award, the trial court found that the Wife had a need of $5630 per month, and it imputed income to her of $2083 per month based on her history of holding sporadic, low-paying jobs. Using those figures, the court found that the Wife had a need for alimony of $3800 per month. The amended final judgment indicates that the alimony awarded would be taxable to the Wife and deductible by the Husband. However, neither party disputes that the tax consequences of the alimony award to the Wife are as follows: $926.36 on $5057 monthly gross income for 2011 and $1195.07 on $5880 monthly gross income for 2012

---

[1]We note that there are at least two ways the trial court could accomplish what it apparently intended. One would be to adjust the amount of retroactive alimony awarded to the Wife for the period of October 12, 2010, through July 31, 2013, to include the amounts necessary to pay the "normal and customary expenses of the parties." The other would be to strike the language that gives the Husband credit for the amounts he paid "to others for the benefit of the Wife." There may be other ways for the trial court to accomplish this, and we express no opinion on how the trial court should proceed. We note this only to clarify that the correction to the judgment should not be complicated or disputed.

and 2013. As is clear from these figures, the Wife will actually receive net income significantly less than her demonstrated need of $5630 per month. And these figures form the basis for her claim that the prospective durational alimony awarded is inadequate.

Section 61.08(2)(h) specifically requires that "[i]n determining whether to award alimony . . . the court shall consider . . . [t]he tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment." Further, "[a]n award of alimony must be based on the income that is available to the party, i.e., the party's net monthly income." Hanson v. Hanson, 217 So. 3d 1165, 1166 (Fla. 2d DCA 2017) (quoting Moore v. Moore, 157 So. 3d 435, 436 (Fla. 2d DCA 2015)); see also Rosaler v. Rosaler, 219 So. 3d 840, 842 (Fla. 4th DCA 2017) (reversing and remanding for the trial court to make findings regarding the tax consequences of an alimony award). When "[an] award does not provide for the Wife's needs as they were established during the marriage despite the Husband's apparent ability to meet those needs, it constitute[s] an abuse of discretion." Martinez v. Martinez, 228 So. 3d 164, 167 (Fla. 2d DCA 2017).

Here, it is clear from the amended final judgment that the trial court did not consider the tax consequences of its durational alimony award. Moreover, as a result of this oversight, the award does not meet the Wife's determined need despite the Husband's ability to pay. Therefore, we reverse this portion of the amended final judgment and remand for the trial court to make findings regarding the tax consequences of the alimony award and adjust the award accordingly.

**Retroactive Child Support**

Finally, the Wife contends that the trial court erred by using an unpaid award of retroactive alimony when calculating her income for purposes of determining her retroactive child support obligation. Again, we must reverse and remand for further proceedings.

The amended final judgment required the Wife to pay retroactive child support to the Husband for the period of April 1, 2011, through July 31, 2013. In determining the amount of that obligation, the court attributed $3800 in alimony income to the Wife for that period. However, it is clear from the record that the Wife did not actually receive $3800 per month in alimony during that time. Instead, the record shows that she received $1200 per month in alimony from August 2011 through December 2012 and $3500 per month beginning in January 2013. Hence, the trial court awarded retroactive child support based on alimony awards that the Wife never actually received.

In determining an award of retroactive child support, the court shall "apply the guidelines schedule in effect at the time of the hearing subject to the obligor's demonstration of his or her <u>actual income . . . during the retroactive period</u>." § 61.30(17)(a) (emphasis added); <u>see also</u> <u>Swor v. Swor</u>, 56 So. 3d 825, 826 (Fla. 2d DCA 2011) (reversing retroactive child support award that was based in part on alimony payments not actually received by the wife). Accordingly, it was error to include unpaid sums of retroactive alimony when calculating the Wife's monthly income for purposes of retroactive temporary child support. We therefore reverse the award of retroactive child support and remand for recalculation using the income actually available to the Wife during the period in question.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.


SILBERMAN and SALARIO, JJ., Concur.