DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

KATHERINE J. DUHAMEL,

Appellant,

v.

GERALD E. DUHAMEL,

Appellee.

2D2022-4145

_____

April 26, 2024

Appeal from the Circuit Court for Pasco County; Alicia Polk, Judge.

William S. Graessle of William S. Graessle, P.A., Jacksonville, for Appellant.

Deborah L. Thomson of The Women's Law Group, P.L., Tampa, for Appellee.


SILBERMAN, Judge.

Katherine J. Duhamel (the Wife) appeals a final judgment dissolving her marriage to Gerald E. Duhamel (the Husband). Because the trial court erred in determining the alimony award and the valuation date of the Husband's retirement accounts, we reverse the final judgment as to those two determinations. We affirm the remainder of the final judgment without discussion.

## I. FACTUAL BACKGROUND

The parties were married in 1986 and had three children during the marriage, all of whom had reached the age of majority prior to the dissolution action. The Wife filed her petition for dissolution in April 2015, and the Husband subsequently filed a counterpetition. During the marriage, the Husband was the sole income earner as a professor of veterinary medicine. The Wife was a homemaker, caring for the parties' three children.

After a trial, an amended final judgment dissolving the parties' marriage was entered in 2019. However, in *Duhamel v. Duhamel*, 304 So. 3d 51, 54 (Fla. 2d DCA 2020), this court reversed that judgment based on its finding that the trial court erred in rejecting the Wife's request to reopen her case. On remand, the trial court held additional trial proceedings and thereafter entered the final judgment at issue in this appeal in November 2022.

## II. DISCUSSION

A. *Alimony as Taxable Income*

In the 2022 final judgment, the trial court ordered the Husband to pay permanent periodic alimony to the Wife and further ordered that the "alimony shall be taxable as income to the Wife and shall be deductible to the Husband." The Wife correctly argues that the trial court erred in ordering that her monthly alimony is taxable as income following the repeal of the applicable provision of the Internal Revenue Code. *See* Tax Cuts and Jobs Act, Pub. L. No. 115-97, 131 Stat. 2054 (2017) (repealing 26 U.S.C. § 71, which had addressed special tax treatment for alimony and maintenance payments) (the Act). The Act specifically provides that it applies to "any divorce or separation instrument . . . executed after December 31, 2018." *Id.*

In *Overley v. Overley*, 268 A.3d 691, 698 n.4 (Conn. App. Ct. 2021), the court noted that the Act "provides that, with respect to divorce decrees and separation agreements executed on or after December 31, 2018, a payor of alimony may not deduct such payments from taxable income and a recipient of alimony is not required to report the receipt of alimony payments as taxable income." If a final judgment of dissolution is entered after December 31, 2018, alimony payments are "neither income to the recipient-spouse nor deductible by the payor-spouse." *Montemurro v. Montemurro*, No. 1 CA-CV 19-0228 FC, 2020 WL 632612, at *5 (Ariz. Ct. App. Feb. 11, 2020). In the present case, the final judgment was entered after December 31, 2018, and therefore, the trial court erred in ordering that the Wife's alimony was taxable income.

B. *Need and Ability to Pay Alimony*

In deciding whether to award alimony, the trial court must first determine if either party has a need for alimony and if the other party has the ability to pay alimony. § 61.08(2), Fla. Stat. (2015). In the 2022 final judgment, the trial court based its determination of the parties' need and ability to pay on their financial status in July 2018. The trial court found that the Husband "testified his new and current annual gross income as of July 2018 is $205,000.00." The Wife's financial affidavit reflects that she receives no monthly income other than alimony.

The final judgment awarded the Wife $2,500 per month in alimony. The trial court found that the Wife did not need more than that amount and that the Husband did not have the ability to pay more than that amount. In the final judgment, the trial court stated:

> It is not lost on this Court that the Husband's ability to pay will require him to "go without" in certain circumstances and the Wife's need will require her to be more reasonable about how she spends her money. Both Parties will require [sic] to

modify their lifestyles as they were living a lifestyle that was not support [sic] by income.

We conclude that the record does not support the trial court's finding that the Husband does not have the ability to pay more than $2,500 in alimony. *See Wabeke v. Wabeke,* 31 So. 3d 793, 795 (Fla. 2d DCA 2009) ("The trial court's award of alimony is subject to an abuse of discretion standard of review, and where the record does not contain substantial, competent evidence to support the trial court's findings regarding the amount of alimony awarded, the appellate court will reverse the award." (quoting *Farley v. Farley,* 858 So. 2d 1170, 1172 (Fla. 2d DCA 2003))).

The Husband's gross monthly income is $17,083.33, his monthly alimony payment is $2,500, and his monthly taxes are $4,153.25. Thus, after taxes and alimony, the Husband is left with a monthly income of $10,430.08. The Husband's monthly rent, property tax, and insurance on his residence total $1,489.75, and his monthly utilities total $319.78. As the trial court noted, a large portion of the Husband's monthly expenses is for creditors, which amounts to $4,113.75 every month. After paying taxes, alimony, and the above noted expenses, the Husband is left with $4,506.80 every month.

By comparison, the Wife will receive $2,500 a month in alimony. The trial court found that the Wife's monthly rent is $1,360 and that her monthly necessary living expenses totaled $1,140. The court did not specify how it arrived at $1,140 for necessary living expenses when the Wife's financial affidavit reflects significant additional expenses. The affidavit lists basic utilities and renter's insurance of $251.04 and telephone and cable television of $319. After paying these two items, the Wife is left with $569.96 per month to pay for food, gas, health and auto insurance, home supplies, clothing, medication, and multiple other items. The Wife's affidavit also reflects that her monthly expense for

4

creditors is $1,658, which would give her a monthly deficit. It is unclear which of the claimed expenses the trial court determined were unreasonable in full or in part.

In *Wright v. Wright*, 577 So. 2d 1355, 1358 (Fla. 1st DCA 1991), the court found that the wife had been shortchanged where her annual income before taxes was about $34,000 to $36,000, which would allow her to pay for about half of the expenses listed in her financial affidavit. In contrast, the court noted that the husband "will continue to enjoy a level of affluence which far exceeds that enjoyed by his former spouse" where he has a net annual income after taxes and support payments of about $80,000 to $91,000. *Id.* The court held that there was "a gross disparity in the parties' earning capacities and standards of living, which is unreasonable under the facts here. The alimony awarded is insufficient to provide for the needs of the wife and is not commensurate with the husband's ability to pay and standard of living." *Id.*

In *Martinez v. Martinez*, 228 So. 3d 164, 167 (Fla. 2d DCA 2017), this court held that a monthly $600 alimony award was insufficient where, before alimony, the husband earned $5,654.78 monthly and the wife earned $1,100 monthly. This court further held that, on remand, the trial court may consider "additional evidence to establish the parties' current financial circumstances." *Id.* at 167 (citing *Levy v. Levy*, 900 So. 2d 737, 744-45 (Fla. 2d DCA 2005)). Here, the Husband's monthly income after alimony is $14,583.33, and the Wife's monthly income after alimony is $2,500. We conclude that the alimony award is insufficient to meet the Wife's basic needs even though the Husband has the ability to pay additional alimony. *See Zinovoy v. Zinovoy*, 50 So. 3d 763, 767 (Fla. 2d DCA 2010) (holding that "the income disparity in this case is far too great to be overlooked," where the alimony award would leave the

husband with a monthly income of $32,337 and would leave the wife with a monthly income of $7,627).

On remand, the trial court may consider the most recent affidavits of the parties, and the parties shall have an opportunity to present additional evidence based on conditions as may then exist. *See Levy*, 900 So. 2d at 744-45 (reversing final judgment and directing that on remand, because more than twenty-two months had passed since the final hearing, the trial court should hold an evidentiary hearing on the issue of the amount of the alimony and "[a]t such hearing, the parties shall have an opportunity to present additional evidence based on conditions as may then exist"); s*ee also Martinez v. Abinader*, 37 So. 3d 944, 947 (Fla. 2d DCA 2010) (reversing the final judgment of dissolution where the trial court found that the husband's gross monthly income was $4,264, but this amount was not reflected in his most recent affidavit and did not include his overtime).

C. *Valuation Date of Retirement Accounts*

When valuing the Husband's retirement accounts, the trial court used several valuation dates, all from 2015. The Wife argues that the trial court abused its discretion when it failed to value the Husband's retirement accounts on the date of the 2022 final judgment. *See Ortiz v. Ortiz*, 315 So. 3d 149, 152 (Fla. 2d DCA 2021) ("The standard of review for the equitable distribution of marital assets and liabilities is abuse of discretion." (quoting *Van Maerssen v. Gerdts*, 295 So. 3d 819, 823 (Fla. 4th DCA 2020))).

"All vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs are marital assets subject to equitable distribution." § 61.076(1). The cut-off date

6

for determining whether an asset is marital or nonmarital is typically when the parties reach a valid separation agreement or the date the petition for dissolution of marriage is filed. § 61.075(7). However, the trial court must determine what date is just and equitable in each case, and "[d]ifferent assets may be valued as of different dates, as, in the judge's discretion, the circumstances require." *Id.*

The selection of a valuation date should not result in distributing an increase in a fund's value that is due to contributions made after the petition for dissolution is filed because such contributions are "due to nonmarital efforts." *Weininger v. Weininger*, 290 So. 3d 928, 934 (Fla. 3d DCA 2019) (quoting *Jahnke v. Jahnke*, 804 So. 2d 513, 516 (Fla. 3d DCA 2001)). In other words, when a spouse continues to contribute to a retirement fund after the petition for dissolution is filed, the postfiling contributions are nonmarital. *Id.*

However, when the spouse does not contribute to the retirement fund after the petition for dissolution is filed, any increase in the fund's value is due to passive accumulation. Each spouse has "an interest in the marital part of the assets, and any passive accumulations thereon, through" the date of the final hearing. *Jahnke*, 804 So. 2d at 516. In *Jahnke*, the court noted that if the assets are valued at an earlier date, the wife would be deprived "of the appreciation of her interest in the assets." *Id.* Here, the Wife points to record evidence reflecting passive appreciation in the Husband's retirement accounts, to which she claims some entitlement. By choosing valuation dates in 2015, the trial court erroneously denied the Wife of several years of passive appreciation that accrued in the accounts.

## III.  CONCLUSION

We reverse and remand the award of alimony with directions to strike language in the final judgment requiring that alimony be taxable as income to the Wife. We also reverse the award of alimony for the trial court to reconsider the parties' need and ability to pay and to consider additional admissible evidence that the parties may present on remand. The distribution of the Husband's retirement accounts is reversed for the trial court to utilize a valuation date that includes an award of passive appreciation that may have accrued in the accounts.

Affirmed in part, reversed in part, and remanded with directions.

NORTHCUTT and KELLY, JJ., Concur.

_____

Opinion subject to revision prior to official publication.